**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**WILLIAM LEE GRANT, II,**

      **Plaintiff,**

v.                                                                  **Civil Action No. 3:20CV877**

**OFFICE OF THE SECRETARY**
**OF DEFENSE,** *et al.,*

      **Defendants.**

## ORDER

On November 18, 2020, *pro se* Plaintiff William Lee Grant, II, filed a motion to proceed

*in forma pauperis* and attached a verified Complaint. (ECF No. 1.) Based on the information

provided in the motion, the Court finds Grant qualified to proceed *in forma pauperis.*

Accordingly, the Court will grant the motion to proceed *in forma pauperis* and direct the Clerk to

file Grant's Complaint. However, for the reasons set forth below, the Court will dismiss this

action with prejudice.

Grant, an Illinois resident "is a serial filer of frivolous litigation in various federal courts

across the country." *Grant v. U.S. Dep't of Treasury*, No. 1:18-cv-457, at *1 (E.D. Va. Apr. 30,

2018); *see also Grant v. U.S. Dep't of Defense*, 770 Fed. App'x 121, 122 (4th Cir. 2019)

(sanctioning Grant "for filing frivolous appeals" and enjoining him from filing any further

actions in the United States Court of Appeals for the Fourth Circuit). Grant's Complaint in this

action similarly lists unrelated and nonsensical claims concerning a range of conspiracy theories,

which include allegations that Louis Farrakhan, Marion Hugh "Suge" Knight Jr., Hillary

Rodham Clinton, and Richard M. Daley killed various people. (*See* Compl.; ECF No. 1-1.)
While the allegations are too numerous to describe in full, the Court observes that the Complaint
further claims the "HIV/AIDS 'cocktail' came from the Pentagon," that dentists, orthodontists,
and optometrists have been directed to perform unnecessary and painful actions on Grant, and
that Grant "was forced to walk from Springfield, Illinois to Washington, D.C. in 2017 as a
condition set by the OSD for Mr. Grant to continue his lawsuit." (*Id.*)

Additionally, the exhibits filed in support of the Complaint consist of documents that
have been filed or received by Grant in other lawsuits. For instance, Grant's Exhibit 1 contains
an order issued in a different case filed within this district. (ECF No. 1-2.) Grant's Exhibits 2
and 3 bear a label for "Amended Complaint 16-cv-3245," indicating that Grant has filed the
document in a different case. (ECF Nos. 1-3, 1-4.) A search of court records confirm that the
numbers derive from *Grant v. Kabaker, et al.*, 16-cv-3245 (C.D. Ill. 2016), brought in the
Central District of Illinois. Grant's Exhibit 4 shows a decision from an Administrative Law
Judge regarding Grant's qualification for benefits in 2015. (ECF No. 1-5.) Grant's Exhibit 5
shows his resignation letter from his employer in November 2014. (ECF No. 1-6.) Grant further
indicates in his civil cover sheet that the instant action relates to a separate proceeding before
Judge Rossie D. Alston, which Grant initiated in the Alexandria Division of the Eastern District
of Virginia earlier this year. (ECF No. 1-10.)

A district court must screen a civil action filed *in forma pauperis* and may summarily
dismiss that action, or any portion of the action, if, for example, it fails to state a claim on which

relief may be granted. 28 U.S.C. § 1915(e)(2)(B).[1] Such dismissal for failure to state a claim turns on the sufficiency of the factual allegations in the complaint. *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (discussing *in forma pauperis* statute's *sua sponte* dismissal provision, which affords a judge authority to "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless").

Federal Rule of Civil Procedure 8 requires a showing of entitlement to relief, more than just bare allegations. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). Although this pleading standard does not require detailed factual allegations, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), the well-pleaded facts must "permit the court to infer more than the mere possibility of misconduct," *Francis*, 588 F.3d at 193. In evaluating the allegations in the Complaint, the Court need not accept as true "legal conclusions couched as factual allegations." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). "Labels, conclusions, recitation of a claim's elements, and naked assertions devoid of further factual enhancement will not suffice to meet the Rule 8 pleading standard." *ACA Fin. Guar. Corp. v. City of Buena Vista, Va.*, 917 F.3d 206, 211 (4th Cir. 2019) (citation omitted).

---

[1] That subsection of the statute provides:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court *shall dismiss* the case at any time if the court determines that--
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal--
>> (i) is frivolous or malicious;
>> (ii) fails to state a claim on which relief may be granted; or
>> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B) (emphasis added).

While long-standing practice requires a court to construe *pro se* pleadings liberally, *Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002), the principles requiring liberal construction are "not . . . without limits," *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). A court need not "assume the role of advocate" nor attempt "to discern the unexpressed intent of the plaintiff." *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006).

After a thorough review of Grant's Complaint, the Court determines that it must dismiss the action pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). The Complaint is legally and factually frivolous and fails to allege any colorable basis for the Court's jurisdiction or Grant's entitlement to relief. Based on the frivolous nature of the Complaint and on Grant's history of repeated filings, the Court further finds that any amendment of the Complaint, if requested, would be futile.

Accordingly, the Court GRANTS Grant's motion to proceed *in forma pauperis*, (ECF No. 1), and DISMISSES the Complaint WITH PREJUDICE.

Should Grant wish to appeal this Order, written notice of appeal must be filed with the Clerk of Court within sixty (60) days of the date of entry hereof. Failure to file a notice of appeal within the stated period may result in the loss of the right to appeal.

Let the Clerk send a copy of this Order to Grant at his address of record.

It is SO ORDERED.

_____ /s/
M. Hannah Lauck
United States District Judge

Date: Nov. 20, 2020
Richmond, Virginia